UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUANDELL HICKMAN,

                Plaintiff,

-against-

ADA ABEL McDONNELL, et al.,

                Defendants.

24-CV-2762 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at Ulster Correctional Facility filed this *pro se* action, under 42 U.S.C. § 1983, while he was detained in the Otis Bantum Correctional Center ("OBCC") on Rikers Island. He asserts that prosecutors from the New York County District Attorney's Office committed prosecutorial misconduct in his criminal proceedings in the New York Supreme Court, New York County. By order dated September 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Assistant District Attorneys ("ADA") Abel McDonnell, Dian Eze, and Henry, and District Attorney Alvin Bragg. He states that the events giving rise to his claims occurred at the New York Supreme Court, New York County, from November 21, 2021, and were ongoing at the time he filed this action. Plaintiff asserts that Defendants have "caused and allowed multiple prosecutorial misconduct" in his state court criminal proceedings.[2] (ECF 1, at 4.) He claims that they deprived him of his liberty without due process by: (1) redacting videos and presenting "false narratives/storyline to paint [him] as a criminal"; (2) destroying or allowing the MTA or police officers to destroy a video with exculpatory evidence; and (3) showing the grand jury only selectively edited videos of the alleged criminal activity; and (4) conspiring with his defense attorney and his attorney's law firm to "rail road" him. (*Id*. at 4-5.) Plaintiff also asserts that Defendants were "so fixated" on building a case against him that they broke the law to do so by allowing the alleged victim, an illegal immigrant, to lie to "set [him] up." (*Id*. at 4.)

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

Plaintiff seeks the following: $1 billion in damages; to have Defendants "disbarred, jailed, and prosecuted to the furthest extent of the law"; immediate release from custody; and the dismissal of all charges against him and expungement of his records.[3] (Id. at 5.)

## DISCUSSION

**A.    Prosecutorial immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity).

Here, Plaintiff's claims against Defendants are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed

---

[3] According to the "lookup" feature of the New York State Department of Corrections and Community Supervision ("DOCCS") website, Plaintiff was convicted of assault in the second degree and criminal possession of a weapon in the third degree, and has been in DOCCS custody since August 1, 2024. https://nysdoccslookup.doccs.ny.gov/

because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.     Requests for release and dismissal of criminal charges**

To the extent Plaintiff seeks release from his pretrial incarceration and dismissal of the charges against him, he should note that a civil rights action is not the proper vehicle for seeking release from custody. A petition for a writ of *habeas corpus* is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The relief that Plaintiff seeks is not available in this civil rights action, and the Court declines to recharacterize his claims as seeking *habeas corpus* relief under 28 U.S.C. § 2241.[4] The Court therefore dismisses Plaintiff's Section 1983 claims seeking release from his pretrial custody and the dismissal of the charges against him.[5]

**C.     Criminal charges against Defendants**

Plaintiff cannot bring criminal charges against Defendants because the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87

---

[4] Because Plaintiff has since been convicted and is now in state custody pursuant to a state court judgment of conviction, his claims for Section 2241 *habeas corpus* relief from pretrial detention may be moot. *See Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented." (emphasis in original)).

[5] If Plaintiff would like to challenge the validity or the length of his current confinement by DOCCS, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after first exhausting his available state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

(1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request that Defendants be jailed or prosecuted for allegedly violating his rights.

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge